## WILLIAM H. EDMONDS
### v.
## R. A. THOMAS AND THOMAS Y. REYNOLDS.

*Negotiable Instruments—Note—Surety—Release of—Evidence—Instructions.*

1. The payment of interest, or a part thereof, or of a part of the principal of a note, is not a consideration that is sufficient to support a promise to extend the time of payment beyond maturity. The promise to extend, in order to be binding upon the holder of the note, and release sureties thereon not having knowledge thereof or consenting to such extension, must be supported by a new consideration, the payment of money or other valuable consideration, not as a credit to be indorsed on the note, but given to the holder as a consideration for the forbearance.

2. In an action against the maker and sureties upon a promissory note, the latter contending that they had been discharged from liability thereunder by the extension, for a valuable consideration, of the time of payment thereof, by the plaintiff, this court holds as erroneous the refusal to give a certain instruction asked by the plaintiff, and that the judgment against him can not stand.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Saline County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Mr. W. V. CHOISSER, for appellant.

Messrs. PARISH & PARISH and W. H. BOYER, for appellees.

GREEN, P. J.   This was a suit by appellant against Oatman, the maker, and appellees, his sureties, upon a promissory note. Oatman was not served and did not appear.   Appellees appeared and in addition to the general issue, filed a special plea setting up a discharge from liability, by reason of the extension of the time of payment of the note for six months after its maturity by plaintiff, without their knowledge or consent, and for a valuable consideration paid him by the maker. Issue upon these pleas was joined, and the jury found for defendants.

Judgment was entered on the verdict for defendants, and plaintiff took this appeal.   On the trial, Oatman testified that plaintiff extended the time of payment of the note for a period of six months after its maturity, for the consideration of $5 paid him by witness.   Plaintiff, as a witness in his own behalf, flatly contradicted this testimony of Oatman.   He also testified the credit of $5 indorsed on the note was all that had ever been paid on the note and was paid as interest by Oatman.

In this state of the proof upon the question of extension of the time of payment, plaintiff requested the court to give the jury the following instruction: " The court further instructs you, that although a party loaning money and taking a note with securities fails to collect said note when the same becomes due, and although the party so loaning the money accepts a partial payment of the note from the principal after the note becomes due, that such accepting of money from the principal does not release the sureties on the note."   The court refused to give the instruction as offered, but modified it by adding the following words: " Before the sureties would be released from liability on the note it must appear from the evidence that the payee or holder of the note received an amount from the principal of the note, and that such payment was made with the express understanding between the holder of the note and the principal of the note that the payment was for a further extension of the time for the payment of said note after the same was due," and gave it to the jury as modified.

Elmonds v. Thomas.

By this modification the jury would probably understand, if the principal made a payment, either of part of the principal sum, or of the interest reserved, to the payee of the note sued on, with the mutual understanding that, by making such payment, the maker should be given a longer time to pay the note than the time fixed by the terms thereof, then the sureties were released from liability. This is not the law. The payment of interest or a part thereof, or of a part of the principal of a note, is not a consideration that is sufficient to support a promise to extend the time of payment beyond maturity. The promise to extend, in order to be binding upon the holder of the note, and release the sureties not having knowledge thereof, or consenting to such extension, must be supported by a new consideration, viz.: The payment of money or other valuable consideration, not as a credit to be indorsed on the note, but given to the holder as a consideration for the forbearance. The instruction ought to have been given without the modification. It correctly stated the law upon the theory that the money received from Oatman was to be applied upon the interest, and was not paid to or received by plaintiff as a consideration for the extension of the time of payment. Plaintiff's testimony supported this theory, and he had the right to require the court to inform the jury what the rule of law was, as applied to the facts stated in the instruction.

By the modification he was denied this right, and in our judgment the jury were misdirected to the prejudice of appellant, by being given the instruction as modified by the court. For the error in refusing to give the instruction as requested by plaintiff, the judgment is reversed and the cause remanded.

*Reversed and remanded.*